**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.**

KENY RODOLFO BRICENO CHEVEZ,

    Plaintiff,

v.

GARDNER GROUP HOME SERVICES
COMPANY D/B/A ROOTER360, and
WILLIAM PATRICK GARDNER,

    Defendants.
_____/

**COMPLAINT**
*{Jury Trial Demanded}*

Plaintiff KENY RODOLFO BRICENO CHEVEZ ("Briceno Chevez") brings this action against Defendants GARDNER GROUP HOME SERVICES COMPANY D/B/A ROOTER360 ("Rooter360") and WILLIAM PATRICK GARDNER ("Gardner") and alleges as follows:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-219 ("FLSA"). Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiff was a resident of Florida and an "employee" of Defendants as defined by the FLSA.

3. At all times material hereto, Rooter360 was a Florida corporation that regularly transacted business in Broward County, Florida.

4. Upon information and belief, Rooter360's gross sales or business generated was over $500,000 per year at all times material hereto.

1

5. Rooter360 has employees handling, selling, or otherwise working on goods or materials that were moved in or produced for commerce, including but not limited to computers, phones, pens, and paper.

6. Rooter360 was an enterprise engaged in commerce or the production of goods for commerce and is covered by the FLSA at all times material hereto.

7. Gardner is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of Rooter360, ran the day-to-day operations, had operational control over Rooter360, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Plaintiff.

8. Rooter360 operates a business engaged in pipe lining and repiping.

9. Briceno Chevez worked for Defendants as a pipelining helper.

10. Defendants failed to pay Briceno Chevez's full and proper overtime wages.

11. Defendants knowingly and willfully refused to pay Plaintiff's legally-entitled wages.

12. Attached as **Exhibit A** is a preliminary calculation of Briceno Chevez's claims including date ranges, hours worked, rates of pay, and unpaid wages; these amounts may change as Plaintiff engages in the discovery process.

13. Plaintiff retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## AGAINST ALL DEFENDANTS

14. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-13 above as if set forth herein in full.

15. Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), Plaintiff is entitled to (i) time-and-a-half overtime pay and (ii) liquidated damages.

16. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
800 East Cypress Creek Road Suite 421
Fort Lauderdale, Florida 33334
Tel:   (786) 924-9929
Fax:   (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esq.
Florida Bar No. 74791